## Corbin v. Beebee.

**Tax sale:** FRAUD: WHEN IT MAY BE SHOWN TO DEFEAT TITLE. Where, in an action at law to recover real estate, the defendant relies on a tax title, the plaintiff may resist and defeat such title on the ground of fraud committed at the tax sale. A separate proceeding for this purpose is not necessary.

2. —— The act of the treasurer in bidding off lands at a tax sale conducted by himself, as agent of the purchaser from whom he had received money to be so invested, and from whom he was to receive a certain per centum as compensation, is fraudulent, and renders the sale invalid.

3. **Evidence:** LOST INSTRUMENTS. An agent of a party to an action who had held possession of title deeds which are lost, may make the necessary preliminary proof to admit secondary evidence of their contents.

4. **Tax sale:** FRAUD. To enable one resisting a tax title to defeat it by showing fraud on the part of the officer conducting the sale, it is not necessary to show payment or tender of payment of taxes. The restriction imposed upon one defending against a tax title by the body of section 784 of the Revision, does not apply to the defense of fraud pointed out in the proviso thereof.

*Appeal from Cass Circuit Court.*

FRIDAY, APRIL 11.

ACTION at law to recover certain lands in Cass county. There was a trial to the court without a jury and judgment for plaintiff; defendant appeals. The facts of the case involved in the points ruled sufficiently appear in the opinion.

*Temple & Phelps* for the appellant.

*Brown, Campbell & Sully* for the appellee.

BECK, Ch. J. — The petition is in the usual form alleging plaintiff to be the owner of the lands in fee simple which are

1. TAX SALE: fraud: where it may be shown to defeat title.

wrongfully withheld by defendant. The answer of defendant sets up ownership and right of possession in himself. A replication to the answer alleging that defendant claims the land under a tax title which, on account of certain fraudulent acts of the treasurer selling the lands, is void, was, on motion of defendant, stricken from the files.

The evidence of plaintiff established that by successive convoyances the title from the government vested in him. The defendant to support his rights to the land relied upon a tax title and introduced in evidence certain tax deeds to himself in due form covering the land in controversy. Thereupon plaintiff was permitted to prove, against defendant's objection, by the treasurer himself conducting the tax sale, that the land was bid off by him at the sale as the agent of defendant, and that he received from defendant as compensation therefor a certain percentum of the money invested; that defendant had sent to him a certain amount of money which was invested in this way by him in the purchase of these and other lands at tax sales conducted by himself. There was no conflicting evidence as to these matters.

The facts present for our decision these questions, to wit: whether defendant's title under the tax deeds is defeated by the acts of himself and the treasurer as testified to by the latter, and whether in this action they may be set up for that purpose. The inquiry involves the consideration and construction of certain provisions of the statute authorizing the sale of lands for taxes.

Revision, section 775, is in these words: "If any county treasurer or clerk shall be hereafter, either directly or indirectly, concerned in the purchase of any real property sold for the payment of taxes, he shall be liable for a penalty of not more than $1,000, to be recovered in an action in the district court, brought by the board of supervisors; the judgment shall be against such treasurer or clerk, as the case may be, and his bondsmen, and the proceeds shall go to the school fund, and all such sales shall be void."

The evidence shows that the treasurer was concerned in the purchase of the lands as an agent for the purchaser and received therefor a compensation. His act was clearly in violation of the statute; its language is so broad and general that it is impossible by any construction, having regard to the plain meaning of the words, to give it force with any other result. If the treasurer be "concerned" "directly or indirectly" in the purchase at the tax sale he violates the statute. Certainly, bidding off lands or otherwise acquiring them at the sale for a compensation is covered by this language. The point demands no further consideration. It is declared that such an act shall render the sale void.

But if this be not a correct view it will hardly be claimed that the act independent of the statute is not fraudulent. The obvious reason upon which the enactment is based is, that the practices intended to be prohibited are fraudulent and so operate as against the land owner. When forbidden by statutes no one will pretend that the acts against which the legislation is aimed are not to be regarded by the courts *per se* fraudulent.

This brings us to the consideration of another provision of

the Revision. It is the last clause of section 784, which is in these words: " Provided further, that in all cases where the owner of lands sold for taxes shall resist the validity of such tax title, such owner may show and prove fraud committed by the officer selling the same, or in the purchase to defect the same, and if fraud is so established such sale and title shall be void." The fraudulent acts of the treasurer will defeat the tax title; we have just seen that his act as established by the evidence is of that character; the conclusion is inevitable that the title cannot stand.

But in what manner is the title to be assailed on account of such fraud? Is it only voidable and to be declared void in a proper action for that purpose, or may the defense be set up in any action where the title is attempted to be enforced? This question, we think, may be answered by considering the plain language of the provision last quoted. It plainly implies, that whenever, in any action, a tax title is resisted by the owner of the land sold for taxes, fraud may be shown to defeat it. The idea can be conveyed by no more explicit and direct words than are used in the statute. The obvious meaning is, that the defense, by fraud, may be made in the action wherein the tax title is resisted. Another proceeding in a different forum, or in the same court, is not necessary, under this statute, to declare the title void, but, in the same action, fraud may be shown, and if shown, the title shall be held for nought and regarded as void. It is unnecessary to discuss the effect to be given to the word "*void*," occurring in the provision, whether it is to be understood as meaning *voidable*, as is sometimes the case. Such a meaning may be applied to it without raising a doubt as to the correctness of our construction, and indeed in entire harmony with it. This understanding of the word would make the provision mean, that the title is voidable, and upon fraud being shown in the action, between proper parties, whenever the title is attempted to be enforced, it is defeated thereby. See *Van Schaack* v. *Robbins*, *ante*, 201. *Prima facie*, the title is valid; it is voidable for fraud. Fraud may be established under the statute, in any action wherein the owner

of the lands sold for taxes resists the tax title, and when established, the title is defeated and declared void.

II. We are now brought to consider the last branch of the question before us, viz. : Was the evidence, establishing the fraudulent acts of the treasurer, admissible under the pleadings of the case?

The plaintiff's petition is in proper form. It neither sets out plaintiff's title, nor defendant's, nothing of the kind being required by law. The answer conforms also to the requirements of the law, in not setting up the title upon which defendant relies. Here the pleadings and the law required nothing more (Rev., § 2895), and a replication averring fraud in the tax title was properly, on motion of defendant, stricken from the files. Upon these pleadings the case was properly at issue, and all matters involving the validity of the respective titles, which could be considered in the action, were admissible in evidence. We have seen that the fraud of the treasurer would, in this action, defeat the tax title. Evidence thereof was properly admitted. Force and effect cannot be given to the provision (Rev., § 184) above quoted, if this view is not correct. The law requires no other pleadings than those found in the case. But the statute just referred to permits fraud to be set up against a tax title in any case where it is resisted. It was therefore properly shown under the pleadings in this case.

Without taking into consideration the statute just cited, the same conclusion is reached under the rules of pleading prevailing in this State. No reply being required to an answer, unless it sets up a cross-claim, set-off, or cross-demand (Rev., § 2595), all new matter therein is to be regarded controverted, without a reply, as upon a direct denial or avoidance, as the case may require. Rev., § 2917. Hence, in the case before us, the law, as it were, supplies a replication setting up all existing matters that may operate to defeat or avoid defendant's right, title or claim to the law in controversy. This doctrine has heretofore been recognized by this court. *Carleton* v. *Byington*, 24 Iowa, 173; *Noble* v. *St. Boat N. Ill.*, 23 id. 110; *Smith* v. *Milburn*, 17 id. 31; *Davenport S. F. & Loan Association* v. *N. A. F. Ins. Co.*, 16 id. 74.

Corbin v. Beebee.

III. The records of plaintiff's title deeds, or of some of them, were admitted in evidence against an objection of defendant, based on the ground that the sufficient preliminary proof of the loss of the originals was not made. We think the showing was sufficient to authorize the admission of the secondary evidence. It was made by the agent of the plaintiff who alone had held the possession of the papers, which had never been in the hands of the plaintiff. He testified to this loss. This was sufficient under Revision, section 4002.

*3. EVIDENCE: lost instruments.*

IV. The last point made by defendant's counsel, but unsupported by argument, is that plaintiff failed to show payment of the taxes by him or a tender of the amount of money to which defendant is entitled under his purchase at the tax sale, and therefore, under Revision, section 784, he cannot defend against the tax title. The language of the section, so far as it is necessary to be considered in determining this power, is as follows : "And in all controversies and suits involving the title to real property claimed and held under and by virtue of a deed executed substantially as aforesaid by the treasurer, the person claiming title adverse to the title conveyed by such deed shall be required to prove, in order to defeat the said title, either that the said real property was not subject to taxation for the year or years named in the deed — that the taxes had been paid before the sale, or that the property had been redeemed from the sale ; * * * but no person shall be permitted to question the title acquired by a treasurer's deed without first showing that * * * all taxes due upon the property have been paid by such person, or the person under whom he or she claims title as aforesaid ; *provided*, that in any case where a person had paid his taxes and through mistake in the entry made in the treasurer's books or in the receipt, the land upon which the taxes were paid was afterward sold, the treasurer's deed shall not convey the title ; *provided further*, that in all cases where the owner of lands sold for taxes shall resist the validity of such tax title, such owner may show and prove fraud com-

*4. TAX SALE: fraud.*

mitted by the officer selling the same or in the purchaser to defeat the same, and if fraud is so established such sale and title shall be void."

We are now to inquire into the effect of the last proviso of this section. Without discussing the proposition we will admit for the purposes of this case that under the language of the main body of the provision the owner of the land sold for taxes cannot resist a tax title unless he shows payment of taxes or a tender of payment. We, of course, will not be understood as ruling this point. Does the proviso referred to limit or qualify the effect of the section itself? The language of the clause in question, considered in connection with the manner of its incorporation into the enactment, and the uniform interpretation given to such expressions, leave no doubt in our minds that the defense of fraud contemplated by the proviso is intended to be excepted from the operation of the body of the section. The form of the clause, begining with the word *provided*, gives it an idiomatic force, well understood in the language of the law, implying that the matters therein specified are excepted from the operations of the body of the statute. The form of expression is often introduced into statutes for the purpose of qualifying, restraining or explaining preceding provisions, and is generally so understood. *Rice* v. *The City of Keokuk*, 15 Iowa, 579; *Wayman et al.* v. *Southard et al.*, 10 Wheat. 1; *Boon* v. *Julus*, 1 Scam. 258.

We conclude, therefore, that the restrictions imposed upon one defending against a tax title by the body of the section under consideration does not apply to the defense of fraud pointed out in the proviso. If, then, as it is claimed by defendant's counsel, payment or tender of payment of taxes is required to be shown in any case, such a burden was not imposed by the law upon plaintiff.

We have considered all points noticed in the arguments of counsel, and find no error in the ruling of the circuit court.

Affirmed.