THOMPSON v. WARE ET UX.

1. **Tax Sale:** PRESUMPTION IN FAVOR OF DEED OVERCOME. Proof that there was no public sale of the land, and that the alleged sale occurred at a time to which there had been no adjournment of the prior sale, will overcome the *prima facie* evidence of the sale presented by the deed.

*Appeal from Howard Circuit Court.*

MONDAY, JUNE 12.

ACTION to recover lands. The answer, besides denying the allegations of the petition, set up certain equitable defenses, and, as upon a cross petition, claimed relief thereon. There was a decree for defendants quieting the title of the land in them. Plaintiff appeals.

*Dosh Brothers & Carstine,* for appellant.

*H. T. Reed,* for appellees.

BECK, J. — The plaintiff's title, upon which he seeks to recover the land, is based upon a tax sale and deed. The defendants, in their equitable answer, allege that there was no sale of the lands for taxes; that there were no bidders therefor, and that there was no notice whatever of the sale, and no adjournment of a prior sale to the time when the lands are said to have been sold. Under the issue formed upon these averments, a witness, who was deputy treasurer at the time of the alleged sale, testified: "These lands were not bid off in separate parcels, they were not publicly offered for sale, were not called out by the treasurer at the time; * * * * * they were not offered for sale by the treasurer on that day prior to making selections, nor at any other time." * * * "As I said, the tax sale stood open. I meant it was left open from day to day; it was not adjourned to any particular time." There is nothing found in the record contradicting this testimony. It establishes the fact that there was no public sale of the lands,

and that the alleged sale occurred at a time to which there had been no adjournment of a prior sale. The deed and tax records show the sale to have been in the month of June. This proof overcomes the *prima facie* evidence of the sale presented by the deed, and establishes the fact that there was no sale in contemplation of law. Following *Butler v. Delano*, 42 Iowa, 350, we hold plaintiff's tax deed void.

AFFIRMED.