## MILLER v. CORBIN ET UX.

1. **Jurisdiction:** NOTICE: TAX TITLE. In proceedings to foreclose tax titles under the statute in force prior to 1860, publication could only be made upon the order of court, and in the absence of such order publication would not confer jurisdiction.

2. ——: ——: PRESUMPTION. In cases where jurisdiction is acquired by the publication of notice as prescribed by statute, presumptions will not be indulged to support the jurisdiction of the court.

3. **Tax Sale:** WHAT IS NOT. Where the agent of a purchaser selected certain lands upon which taxes were delinquent which he desired to purchase, and thereupon the treasurer marked and entered them upon the books as sold, the sale was *held* to be void.

4. ——: RIGHT OF OWNER TO CONTEST. Such sale being fraudulent as against the owner of the land his right to question the tax title is not defeated by Sec. 897 of the Code, even though he has not paid all taxes due upon the land.

5. ——: STATUTE OF LIMITATIONS. The tax sale having been void and the purchaser not being in possession of the land he cannot avail himself of the statute of limitations against the former owner.

6. ——: RECOVERY OF TAXES PAID. Where the taxes for which land is sold were valid and collectible, although the sale is void for fraud, the purchaser, upon failure of his title, is entitled to recover a sum equal to that which the owner would be obliged to pay the treasurer if the land had not been sold.

*Appeal from Hardin Circuit Court.*

FRIDAY, JUNE 8.

ACTION in chancery to quiet the title to lands, which, plaintiff alleges, he holds under certain tax sales and deeds. The defendants set up title in themselves under a conveyance from the patentee of the government. They make their answer a cross-bill and ask that the title to the land be quieted in them. There was a decree granting the relief prayed for by defendants. Plaintiff appeals.

*Dosh Brothers & Carstens,* for appellant.

*Brown & Campbell,* for appellees.

Miller v. Corbin.

Beck, J. I. In his original petition plaintiff relied upon a tax sale and deed of the land made in 1866. By an amended petition he shows that since the commencement of this action he acquired another tax title which is based upon a sale of the land for taxes in 1859. He thus relies upon *two* tax titles.

The amended petition shows that the purchaser of the land at the tax sale of 1859 instituted proceedings to foreclose the

1. JURISDIC- right of the tax payer to the land under the pro-
TION: notice:
tax title. visions of the statute, then in force, requiring actions to be brought in order to cut off the rights of the owner after tax sales and deeds thereon were made. The petition shows the proceedings had in the action of foreclosure. It appears that the action was instituted against the land, the owners thereof being unknown, and service of notice was made by publication, the order therefor having been made by the clerk of the court wherein the action was pending. Proof of publication was made and other proceedings are shown, resulting in a decree foreclosing the right of the owners in the land. The decree recites that the notice had been published for the time and in the manner required by law. The defendants demurred to the amended petition on the ground, among others, that the decree upon which plaintiff bases his right, as is shown by the pleading assailed, is void because the notice required to give the court jurisdiction was published upon the order of the clerk of the court without authority of law. The demurrer was rightly sustained.

This court held in *Abell v. Cross*, 17 Iowa, 171, that, in proceedings to foreclose tax titles under the statute in force at the time the action was prosecuted upon which plaintiff relies in his amended petition, publication of notice could be made only upon the order of the court or judge thereof, or of the judge of the county court; that the statute authorizing constructive notice must be strictly pursued and want of compliance therewith defeats the jurisdiction of the court and renders the decree void. Applying the doctrine to this case, we are required to hold that the court below ruled correctly in sustaining the demurrer.

II. But counsel for appellant argue that, as the decree

recited that an order of publication had been made, we must

2. ——: ——: treat it as conclusive, being an adjudication of the
presumption. court upon the question of its own jurisdiction.
But it cannot be claimed that an adjudication of the court
upon the question of jurisdiction will prevail against the
record in the action wherein the adjudication was had, showing
a want of jurisdiction. In cases where jurisdiction is acquired
by the publication of notice as prescribed by statute, pre-
sumptions will not be indulged to support the jurisdiction of
the court. *Bradley v. Jamison et al.*, p. 68, *ante; McGahen
v. Carr*, 6 Iowa, 331; *Tunis v. Withrow*, 10 Iowa, 305; *Brog-
hill v. Lash*, 3 G. Greene, 357.

III. Among other defenses to the tax title of plaintiff
based upon the sale for taxes in the year 1866, and as a

3. TAX SALE: ground for quieting the title in them, the defend-
what is not. ants set up in their answer that there was no sale
of the lands as required by law, no adjournment of the tax
sale to the day upon which the sale is claimed to have been
made, and that there was, in fact, no public sale of the lands
then or at any other time to plaintiff. This defense we find
is supported by the testimony. The tax sale was not adjourned
to the day upon which the tax records show the sale to plain-
tiff to have been made, or any other day, and there was no
public sale or offer to sell the land. The agent of the pur-
chaser applied at the office of the treasurer and selected certain
tracts of land, those in controversy among others, which he
desired to purchase. These were marked and entered upon the
books as having been sold to him, and a certificate issued as
upon a legal public sale. The sale must be held void, being
not such a public sale as the statute requires. *Butler v.
Delano*, 42 Iowa, 351; *Thompson v. Ware et ux.*, 43 Iowa,
455. The facts upon which we base the conclusion just stated
are supported by the strong preponderance of the testimony.
It would be of no benefit to the parties to enter into a dis-
cussion upon the evidence.

VI. Plaintiff relies upon the provisions of Code, section
897, to defeat defendants' right to contest the validity of the
tax title, which is to the effect that one who has not paid all

taxes due upon the land in controversy cannot question the title conveyed by the treasurer's deed, except to show fraud of the treasurer making the sale and of the purchaser thereat. But when there was *no* sale— when this act, essential to the validity of the title, is wanting, can this provision apply?

4. ——: right of owner to contest.

Without replying to this inquiry, we are driven to the conclusion that the provision does not prevent the resistance offered by defendants to the tax title. The act of the plaintiff and the county treasurer in uniting to make disposition of the land at a private sale without conforming to the requirements of the statute, and thus to give it the color of a tax sale, was in violation of the statute and fraudulent as to the rights of the land owner. The treasurer was required by law to offer the land at public sale; he violated this requirement. The law required the plaintiff, if he bought the land at tax sale, to acquire it in that way only at *public* sale. The acts of the treasurer and plaintiff in selling and buying at private sale were fraudulent as to defendants. He may, therefore, under the language of the statute relied upon, set up the fraud to defeat the tax title. *Corbin v. Beebe*, 36 Iowa, 336.

VII. Code, section 902, provides that "no action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the treasurer's deed is executed and recorded, as above provided." The defendants pleaded this statute to the action of plaintiff, and he set it up as a defense to the cross bill of defendants. Both parties claim, in their pleadings, that they have had possession of the land for many years, having held it before this action was commenced. The plaintiff offered no proof to support his claim of possession. Defendants established upon the trial that they were *then* in possession of the land. We think the testimony shows that until after the commencement of this suit the land was unimproved and uninclosed prairie, when a part of it was broken and put in cultivation by defendants or their lessees. Neither party, as a part of the relief claimed, asks to recover possession of the land.

5. ——: statute of limitations.

It will be observed that the statute of limitations is inter-posed by each party as an obstacle to the relief prayed for by the other, not as a ground upon which he seeks relief. If it be conceded that defendants, on account of the statute, are cut off from the relief asked by them, it does not follow that plaintiff is entitled to recover, for, as we have seen, he has utterly failed to support his case by proof of title in himself, which the court can quiet. It is shown that he has *no* title. He cannot be vested with title because defendants have no title, or are barred by the statute in setting up a title which they hold. The statute of limitations, therefore, can avail plaintiff nothing in this action as a defense against defend-ants' claim.

VIII. We need not consider the defense of the statute pleaded by defendants against plaintiff's action. The pos-session of the land is established to be in defendants; we have determined that plaintiff has no title or right to the land. As against him defendants are entitled to hold the land and to the relief granted by the decree which declares plaintiff's title is void and directs his tax deeds to be set aside. The decree does not validate defendants' title; it invalidates plain-tiff's. In this way is relief extended to defendants.

IX. The decree of the court below provides that plaintiff shall recover of defendants the amount of taxes paid by him, 6. ——:recov- with six per cent per annum interest, which shall ery of taxes paid. be a lien upon the land. It provides that a com-missioner be appointed to ascertain the amount to which plaintiff is entitled and for judgment accordingly.

It will be observed that we hold plaintiff's tax title first acquired void because of the fraud in the sale. We do not hold that the taxes were not collectible and could not be en-forced against the land, and that there was, therefore, for this, or any other reason, no sale of the land. It is the case of a valid tax and a sale void for fraud. We have repeatedly held, in such case, that the holder of the tax title is entitled to recover a sum equal to the amount that the defendants would have had to pay the treasurer in order to redeem the land and satisfy all the taxes if they had not been paid by the pur-

chaser. *Everett v. Beebe,* 37 Iowa, 452. This case has been repeatedly followed. See *Light v. West,* 42 Iowa, 138; *Besore v. Dosh et al.,* 43 Iowa, 211, and other cases. In *Early v. Whittingham,* 43 Iowa, 162, we ruled that the holder of a tax title, which was declared void, could recover taxes paid and six per centum per annum interest only, on the ground that there was no levy and the sale and deed were therefore void. It will be seen at once that the infirmity in that case affected the very validity of the tax itself, which was rendered void and uncollectible thereby. The county could not in that case recover the penalties upon the tax. But, in this case, the tax was valid and there was a sale, void, however, for fraud. The distinctions existing between the cases will be readily seen.

The decree of the Circuit Court, so far as it sets aside plaintiff's tax title and renders relief to defendants, will be affirmed: so far as it denies the plaintiff's right to recover the taxes, penalties and interest, as above expressed, it will be reversed. The cause will be remanded to the Circuit Court for the determination of the amount which plaintiff is entitled to recover and for a judgment therefor, which shall be a lien upon the lands. The decree is

MODIFIED AND AFFIRMED.