## D. S. YOUNG v. NELSON A. RHEINECHER, *et al.*

1. TAX SALE, *Not at Public Auction, Illegal.* Where a county treasurer does not sell property for delinquent taxes at public auction, as required by the statute, but simply allows persons who want to purchase lands for delinquent taxes to hand him slips of paper with the description of the lands which they wish to purchase written thereon, and the treasurer then, at his leisure, enters these lands on his books, as though they had been regularly sold at public auction for the taxes due thereon, and then issues to the persons who handed him the slips of papers tax-sale certificates in the ordinary form, *held,* that such a sale of property for delinquent taxes is illegal and voidable, if not void, and that a tax deed founded upon such a sale is also at least voidable.

2. SUCH SALE, *How Shown.* And further, *held,* that the fact that the treasurer made his sales for delinquent taxes in the above manner may be proved by witnesses who know the facts and can testify with regard thereto from their own personal knowledge, although they may not be able to testify with respect to any particular piece of land, but only with regard to the general manner and custom of the treasurer in making his sales.

*Error from Wyandotte District Court.*

EJECTMENT, brought by *Young* against *Rheinecher* and another, for the possession of a certain lot in the city of Wyandotte. Trial, and judgment for the defendants, at the April

Term, 1880, of the district court. *Young* brings the case here. The facts appear in the opinion.

*John A. Hale*, for plaintiff in error.

*Nathan Cree*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment. On the 10th day of March, 1879, the plaintiff in error, D. S. Young, filed in the office of the clerk of the district court of Wyandotte county, his petition to recover from Nelson A. Rheinecher and H. C. McM. Rheinecher the possession of certain real estate, situate in said county, to wit, lot number eleven (11), in block number ninety-three (93), in Wyandotte city, alleging that the defendants wrongfully and unlawfully withheld and kept him out of possession thereof. The defendants answered by a general denial. The case was tried by the court, a jury having been waived by the parties. The plaintiff insisted that he was the owner of and entitled to the possession of said real estate, by virtue of a tax deed issued to him by the county clerk of said county, on the 14th day of September, 1877, said deed being regularly issued in accordance with law, and regular and valid upon its face. The defendants insisted that the tax deed was invalid, for the reasons that there was no public sale of the property attempted to be conveyed by said deed by the county treasurer for taxes due thereon; that the county clerk failed to attach his official seal to the oath of office of the assessor; and that there was no word, character or abbreviation in the assessment rolls to show what was the valuation placed by the assessor upon said property.

We agree with counsel for plaintiff in error, that a tax deed not void upon its face, is of itself *prima facie* evidence of everything necessary to its own validity, and is *prima facie* evidence of the title of the grantee mentioned therein. (Comp. Laws 1879, ch. 107, § 138; *Bowman v. Cockrill*, 6 Kas. 311.) And we also agree with him that the presumption is, that all

officers perform their duty as required by law, until the contrary appears. (Wharton on Ev., § 1318; *Smith v. Hill*, 22 Barb. 656; *Wood v. Terry*, 4 Lans. 80.)

But all these presumptions in favor of the validity of tax deeds, and of the due and proper performance of duties by officers, must give way to evidence showing the contrary. And in this very case the evidence showed, as was found by the court below, that the tax deed was void, and that it was void by reason of a failure of the county treasurer to perform his duty in making a legal and valid tax sale. The treasurer did not sell the property in controversy, or any other property, at "public auction," as required by the statute. (Art. 14 of the tax law then in force, Gen. Stat. 1868, p. 1046, *et seq.*; art. 17 of the present tax law, Comp. Laws 1879, p. 960, *et seq.*) On the contrary, he allowed persons who wanted to purchase lands for delinquent taxes to hand him slips of paper with the description of the lands which they wished to purchase written thereon, and he would then at his leisure enter these lands on his books as though they had been regularly sold at public auction for the taxes due thereon, and would issue to the person who had handed him the slip of paper a tax-sale certificate in the ordinary form. This was proved by three different witnesses, who testified that they were familiar with the treasurer's office and with his manner of doing business, and that they knew how he sold lands for delinquent taxes. They testified with regard to these things from their own personal knowledge. There was not a particle of evidence introduced in the trial tending to show that a single piece of land or town lot was ever sold by this treasurer, or at any tax sale of his, according to law; but the testimony of these three witnesses showed almost conclusively that no lands or town lots were ever so sold by him, or while he was treasurer; that is, none of these lands or town lots were sold at *public auction*, but all were sold in the manner aforesaid. These witnesses did not testify with regard to the particular piece of land or town lot now in controversy; but their testimony, with reference to the general manner and custom of the treasurer in

selling lands and lots for delinquent taxes, would include this lot.

We think that the tax sale in the present case was illegal and voidable, and possibly void. (Cooley on Taxation, p. 339; *Miller v. Corbin*, 46 Iowa, 150; *Butler v. Delano*, 42 Iowa, 350.) We do not wish, however, in this case, to decide that the present sale was absolutely void, for it may be only voidable. (*Leavitt v. Watson*, 37 Iowa, 93.) But as the sale was at least voidable, we think the tax deed founded thereon was also at least voidable, and that the plaintiff in this action had a right to avoid it.

The plaintiff in error claims that the testimony of said three witnesses was incompetent, because it tended to prove simply the manner and custom of the treasurer in making sales for delinquent taxes, and not in proving the sale of any particular or specific piece of land or town lot. It was probably the best evidence that could be obtained, as probably no one could remember as to specific tracts of land; and therefore we think it was competent, and properly admitted by the court below.

Entertaining these views, we do not think that it is necessary to say anything with regard to the other questions mentioned in counsel's briefs.

The judgment of the court below will be affirmed.

All the Justices concurring.