KIRK v. ST. THOMAS' CHURCH.

70  287
95   54
95  691
70  287
112  110

1. **Taxation:** EXEMPTION: PROPERTY OF RELIGIOUS SOCIETY.  Where a religious society does not use, and has not determined to use, real estate held by it for any of the purposes for which it was organized, such real estate is not exempt from taxation, under Code, § 797, subd. 1.  (*Mulroy v. Churchman*, 60 Iowa, 717, followed.)

2. **Tax Sale and Deed:** DEPUTY TREASURER INTERESTED IN SALE: SALE VOID.  Where a deputy county treasurer had funds of his minor son, which he desired to invest for him in the purchase of property at tax

sale, and he procured M. to bid off the property in question for that pur-
pose, and the certificate was made out to M., but never delivered to him,
and the deputy paid the amount of the bid to the treasurer and took the
certificate, and procured an assignment of it by M. to the minor,—M.
having no consultation at any time with the minor, and receiving no
compensation for his services,—*held* that the sale was void, under § 885
of the Code and the decisions cited in the opinion.

*Appeal from Woodbury District Court.*

MONDAY, DECEMBER 13.

ACTION in equity to quiet the title to a lot in Sioux City.
Plaintiff claims under a tax deed executed by the treasurer
of Woodbury county. Defendant answered that the lot was
not subject to taxation for the year for which it was sold,
and that one E. R. Kirk, who, at the time of the sale, was
deputy county treasurer, was concerned in the purchase, and
that the sale was void for that reason. The district court
entered judgment for plaintiff. Defendant appeals.

*S. M. Marsh* and *Marks & Mould*, for appellant.

*J. H. & C. M. Swan*, for appellee.

REED, J.—I. The defendant is a religious society. The
property in question was conveyed to it by way of gift many

1. TAXATION:
exemption:
property of
religious
society.

years ago. No conditions were imposed upon
the society as to the use to which the property
should be devoted. It was vacant and unim-
proved property at the time of the conveyance, and continued
so at the time of the tax sale. The society owns an edifice
in the city, in which religious services are conducted, but it
is situated a mile and quarter from the lot in question. It
also owns property in another quarter of the city, in which
it maintains a mission school. The lot in question is favor-
ably located for the establishment of a mission church or
school; but the society has never taken any action indicating
an intention to devote the property to that use. The prop-

erty of religious institutions which is devoted solely to the appropriate object of the institution is exempt from taxation. Subdivision 1, § 797, Code. Was the property in question exempt under this provision? We think it was not. As the society did not use it for any of the purposes for which it was organized, and had not determined that it would in the future devote it to such use, it cannot be said that it was "devoted solely to the appropriate objects of the institution." Until it was devoted to such object it was taxable under the statute. *Mulroy v. Churchman*, 60 Iowa, 717.

II. At the time of the sale plaintiff was a minor. E. R. Kirk, his father, was deputy treasurer of the county. He had in his hands a sum of money belonging to plaintiff, which he desired to invest for him in the purchase of property sold at the tax sale. He accordingly requested one N. A. McFaul to attend the sale, and bid in an amount of property for him. McFaul accordingly bid in a number of tracts, including the lot in question. The certificates of purchase were made out to McFaul, but were never delivered to him; nor did he pay anything on the purchase; but E. R. Kirk paid the amount to the treasurer, and charged the same to plaintiff. He also wrote out, and procured McFaul to sign, an assignment of the certificates to plaintiff. McFaul had no consultation with plaintiff concerning either the purchase of the property or the assignment of the certificate; neither did he receive any compensation for his services in the transaction.

Section 885 of the Code is as follows: "If any county treasurer or auditor shall hereafter be either directly or indirectly concerned in the purchase of any real property sold for the payment of taxes, he shall be liable to a penalty of not more than one thousand dollars, *   *   * and all such sales shall be void."

The important question in the case is whether the deputy treasurer was concerned in the purchase, within the meaning

of this statute. It has been held in cases in which the treasurer acted as the agent of the purchaser, and bid in the property for him, and was paid a commission for his services, that he was "concerned in the purchase, and that the sale was void. *Corbin v. Beebe*, 36 Iowa, 336; *Everett v. Beebe*, 37 Id., 452. It was also held in *Ellis v. Peck*, 45 Iowa, 112, that any illegal act which would defeat the sale, if done by the treasurer, has the same effect when done by the deputy.

The object of the legislature in enacting the statute undoubtedly was to secure perfect fairness in the conduct of the sale. The public officers who are charged with the duty of conducting or aiding in the sale are not only prohibited from acquiring any interest in the property sold, but are forbidden to be in any manner concerned in the purchase of such property. That an officer may be concerned in the purchase, without himself acquiring any interest in the property sold, is very clear. If E. R. Kirk had himself bid in the property for plaintiff, and paid over the money to the treasurer, there could be no question, under the doctrine of the cases cited above, that the sale would be invalid. The fact that he was to receive no compensation for his services would make no difference; for the sale is invalid, not because of the fact merely that the officer has made a profit out of the purchase, but for the reason that, as he acted as the representative of the purchaser, he is presumed to have conducted the sale with reference to the interest of his principal, rather than with that perfect fairness and impartiality that the law requires; and it appears to us that the case is in precisely the condition it would have occupied if he had personally bid in the property. In making the bid, McFaul acted under his direction and for his accommodation. He was but an instrument made use of by E. R. Kirk in effecting the purchase. When he announced that he would take the lot for the amount of the taxes and costs due upon it, he but announced Kirk's will with reference to the matter. It was but the announcement of Kirk's bid upon the property, and

it but seems to us that the rights of the parties are in no respect different from what they would have been if the bid had been announced by Kirk in person. Perhaps it could be said that no unfairness attended this particular sale, and that the irregularity affected no substantial right of the owner of the property or of the public. But we think, upon the facts, the deputy treasurer was concerned in the purchase of the property within the meaning of the statute, and the rule created by it is imperative and universal, " All such sales shall be void."

REVERSED.