CHARLES W. FOY v. COE COLLEGE, Appellant.

95   689
112  110

**Taxation: COLLEGES: EXEMPTION.** Vacant and unused lands which a college holds for sale, without intention to appropriate the proceeds to any particular use, is not exempt from taxation under McClain's Code, 1271.

**Equitable Redemption.** The property of a college was subject to taxation though it was never assessed up to a certain year. In that year a stranger to the title gave it in for assessment. It was sold for taxes but the college knew nothing of its being taxed or sold. *Held*, no notice was due the college that its property was to be assessed, and the time for redemption having expired, it is without remedy.

*Appeal from Linn District Court.*—HON. J. D. GIFFEN, Judge.

MONDAY, OCTOBER 14, 1895

Action to establish the title in plaintiff to lot 5, block 7, in Green & College addition to Cedar Rapids, Iowa. Decree was entered in favor of the plaintiff, from which defendant appeals. The issues and facts sufficiently appear in the opinion.— *Affirmed.*

*Mills & Keeler* for appellant.

*John A. Reed* and *Rickel & Crocker* for appellee.

Given, C. J.—I. The plaintiff's title to the lot in question is under a deed from the treasurer of the city of Cedar Rapids to the plaintiff, executed in pursuance of a sale of said lot for the taxes due to the city for the year 1887. Defendant, the owner of said lot, contends that under the facts it was exempt from taxation, under the provisions of section 1271, McClain's Code, and in this contention we have the only question made as to the legality of said tax sale and deed. Said section, so far as applicable to this case, provides as follows: "The following classes of property are not to be taxed, and they may be omitted from the assessments herein required: * * * All public libraries, grounds and buildings of literary, scientific, benevolent, agricultural, and religious institutions, and societies devoted solely to the appropriate objects of these institutions not exceeding six hundred and forty acres in extent, and not leased or otherwise used with a view to pecuniary profit." The defendant is duly incorporated under the laws of this state, with its place of business at Cedar Rapids, Linn county, Iowa. Its object, as declared in its articles, is as follows: "The particular object and business of this corporation shall be to establish, endow, conduct, and maintain an institution for the promotion of sound learning and education, such as is usually contemplated in colleges and universities under religious influences." Some years prior to 1887 the defendant acquired title to eighty acres of land adjoining the city of Cedar Rapids, and

thereafter platted said land into lots, of which that in question is one, as an addition to said city. These lots have been held for sale by the defendant, and the lot in controversy has stood vacant, and has never been leased or used in any manner, and was never assessed for taxation prior to 1887. In 1887 one Richmond gave to the city assessor a list of pieces of property to be assessed to him, including said lot 5. Richmond had no title whatever to the lot, but it was assessed to him, and the taxes not being paid, was sold, as already stated. It is not clear that defendant owned any other lands than these eighty acres. It is clear, however, that it did not own "exceeding six hundred and forty acres in extent." Counsel devoted much space to analyzing that part of section 1271 which we have quoted. It seems to us entirely clear that the exemption is of all public libraries and of "grounds and buildings" of the institutions and societies named, when they are devoted solely to the appropriate objects of those societies and institutions, and do not exceed six hundred and forty acres in extent, and are not leased, or used with a view to pecuniary profit. The word "public" designates a class of libraries which is exempt, and does not refer to the grounds and buildings of the institutions and societies named. Lot 5 was vacant and unused, and was not, therefore, by occupancy, "devoted solely to the appropriate objects" of the defendant college, but was held for sale, we think, "with a view to pecuniary profit." It does not appear that the proceeds of the sale of this lot were restricted to any particular use. The case seems to us to be within the rule announced in *Kirk v. St. Thomas' Church,* 70 Iowa, 287 (30 N. W. Rep. 569), and subject to the assessment made upon it.

II. The defendant contends that, under these further facts, it has the equitable right to have said tax

deed canceled and set aside. It appears that the defendant relied upon the fact that said lot had not previously been assessed, was not aware of the assessment for 1887, and made no effort to either cancel or pay said assessment. It is argued that the city gave no notice to the college that it intended to assess the lot. This the city was not bound to do, but it was the duty of the defendant to take notice of legal assessments made against its property, and to pay the same. It appears that, as soon as the defendant learned of the claim of the plaintiff, it did, on September 28, 1892, pay to the treasurer of the city thirty-one dollars and twenty-two cents, in full of all taxes, interest, penalty, and costs, for the redemption of said lot, but it is not contended that at that time the defendant had a right to redeem. The defendant complains of the hardship that will result to it by an affirmance of this decree,—a hardship that might have been avoided by proper attention to the payment of its taxes. Our conclusion is that the assessment of said lot 5 was authorized, that the sale was regular and legal, and that there are no equities appearing that should entitle the defendant to be now permitted to redeem from that sale. The decree of the district court is *affirmed*.