W. F. MAIN, Appellee, v. H. M. KICK, Appellant.

**JUDGMENT: Conclusiveness—Pendency of Motion to Set Aside— 1 Effect.** It is futile to attempt to rely on a judgment as a final adjudication so long as direct proceedings are pending to set it aside. So held where, in an action to quiet title, a claimant relied on a judgment and sale thereunder in partition, while a motion was pending to set aside the judgment and grant a new trial.

**PROCESS: Original Notice—Defendant as Resident of County— 2 Service by Publication—Effect.** Publication service on a defendant who is openly a resident of the county where action is brought, is a nullity.

**PROCESS: Original Notice—Service by Publication—Affidavit— 3 Sufficiency.** An affidavit for service by publication which fails to state that service cannot be made on defendant *"within this state,"* is fatally defective. Section 3534, Code, 1897.

TAXATION:   Tax Deed—Insufficient Notice to Redeem—Effect.   A
4 tax deed issued on insufficient notice of expiration of right of
    redemption is a nullity, redemption having been made subsequent to the issuance of the deed.

*Appeal from Johnson District Court.*—R. P. HOWELL, Judge.

THURSDAY, MARCH 15, 1917.

REHEARING DENIED TUESDAY, MAY 22, 1917.

Action in equity to quiet title to a lot in Iowa City, Iowa.   Decree for plaintiff, and defendant appeals.—*Affirmed.*

*Baldwin & Baldwin,* for appellant.

*O. A. Byington,* for appellee.

WEAVER, J.—Plaintiff, being the owner

1. JUDGMENT: conclusiveness: pendency of motion to set aside: effect.
of the lot in controversy, sold and conveyed it, in the year 1898, to one Wencel Wesley. In the year 1915, Wesley reconveyed the property to plaintiff, who thereafter began this action to quiet his title against alleged adverse claims of the defendant.   Answering the petition, defendant denied plaintiff's claim of ownership, and alleged in general terms ownership in himself, but did not state how or from whom it had been acquired.

On the trial, it was conceded that, in 1898, plaintiff was the owner of the lot, and conveyed the same to Wencel Wesley.   The plaintiff then identified and introduced in evidence the later conveyance from Wesley back to himself, and, having testified that he was still the owner, rested his case.   The evidence offered by the defendant consisted of the files and records in an action purporting to have been brought and disposed of in the district court of Johnson County, in which action the defendant herein was named as plaintiff, and Wencel Wesley and wife as de-

fendants. The petition alleged the plaintiff (defendant herein) to be the owner of an undivided one fourth of the lot in question, and the defendant Wencel Wesley to be owner of the other three fourths thereof, and prayed a decree of partition. In that action, it appears that there was an alleged service of original notice by publication, and a decree obtained by default under date of April 23, 1915. Pursuant to the decree, the property was sold by a referee to the plaintiff (defendant herein) for $100—barely sufficient to pay the costs of the proceeding—and a referee's deed was made, approved and delivered. Later, and during the same year, Wencel Wesley and wife entered their appearance in said partition proceedings, making a showing that, at the time of the alleged publication of original notice, they were and ever since have been living and residing in Johnson County; that they had no knowledge or information of the alleged service of notice upon them by publication; and that they had a good' defense to the cause of action stated against them. On this showing they moved to set aside the decree and default, and that a retrial be ordered, at which the merits of their defense could be heard. Without any further evidence or showing as to what disposition was made of the motion for retrial, the defendant herein (Kick) called plaintiff's counsel to the stand, and showed by him that, upon being employed by plaintiff to look after his interests in this case, he investigated the title records and learned of the partition proceedings and deed, and that he communicated that information to his client. With this showing and no more, the defendant rested.

It will be seen that, when plaintiff rested his case in chief and the defendant had rested his defense, plaintiff had clearly made a prima-facie showing of title, and that the partition proceedings constituting the sole defense thus far disclosed were incomplete and undetermined, and for

that reason, the record offered constituted no proof of title in defendant. It is said in argument (though not so shown in the record) that, when the partition proceedings had reached this stage of development, Wesley made his conveyance to the plaintiff, who thereupon instituted this separate or independent action to quiet his title. Whether. this be true or not, it is apparent that when, upon the trial below, plaintiff and defendant had rested their case in chief, the prima-facie showing of title in the former had not been overcome, and a decree for plaintiff was inevitable. But, for some reason not clearly visible, plaintiff in rebuttal called as a witness the county treasurer and county auditor, by whom there was identified and offered in evidence a certain "tax claimant's notice," on which it was said a "certain tax deed" had been executed. The notice was directed to Wencel Wesley, and described the property in controversy. To this notice was attached an affidavit of newspaper publication and the affidavit of the defendant that he had caused such service to be made. The tax list was also put in evidence, showing the property taxed at the time of sale to Wencel Wesley. The auditor's record also seems to show a redemption from such sale subsequent to the date of the deed, and before this action was begun. The defendant finally put in evidence the evidence of a treasurer's deed to himself for one fourth of the lot in question, bearing date June 17, 1914.

2. PROCESS: original notice: defendant as resident of county: service by publication: effect.

In submitting the case in this court, appellant first contends that the partition deed made to him is sufficient proof of his title to the property; that the decree in that proceeding is conclusive upon the parties and upon this court, until it has been set aside in some manner by direct attack. It is perhaps a sufficient answer to this proposition that appellant's own showing discloses a direct attack made upon the decree, pending which such decree

cannot be given effect as a final adjudication. Furthermore, it is shown without dispute that, when the publication of original notice was procured, Wencel Wesley and his wife were residents of Johnson County and living therein, and no good reason appears or is suggested why they were not personally served. Still further, the affidavit on which the publication of notice was procured, is clearly defective. The statute, Code Section 3534, provides that the affidavit shall state that "personal service cannot be made on the defendant *within this state.*" The affidavit filed states no more than that "said unknown spouses and unknown heirs and Wencel Wesley are nonresidents of the state of Iowa, and their residences are unknown to plaintiff, and that personal service cannot be made on them or either of them." It will be seen that the affidavit does not state, as the statute requires that personal service could not be made upon the defendants "within this state." The published service was, therefore, ineffectual both as a matter of form in the failure to observe the statute, and in the admitted fact that Wesley was not a nonresident, but openly living in the county, where personal service could have been had upon him at any time. In our judgment, the trial court acquired no jurisdiction to entertain the partition proceedings against Wesley, and the latter, or his grantee, is not bound in a collateral proceeding by a judgment so procured. *Carnes v. Mitchell,* 82 Iowa 601; *Schaller v. Marker,* 136 Iowa 575; *Hawk v. Day,* 148 Iowa 47; *Oziah v. Howard,* 149 Iowa 199; *McGahen v. Carr,* 6 Iowa 331.

3. PROCESS: original notice: service by publication: affidavit: sufficiency.

Just what figure the tax deed should cut in the disposal of the case is a somewhat doubtful question. The defendant set up no claim thereon in his answer, and rested his defense without any evidence whatever on that subject; but

4. TAXATION: tax deed: insufficient notice to redeem: effect.

in argument here, he strenuously insists that, in any event, the title to one fourth of the property should be decreed to him on the strength of such conveyance. We are inclined to the view that, under the state of the issues and of the record of the trial, defendant is in no position to assert the validity of that deed in this action. Moreover, were the tax deed directly in issue, we should have to hold that there was insufficient service of the notice of expiration of the time for redemption to cut off the owner's right to redeem, and, redemption having admittedly been made, the deed cannot avail to defeat or reverse the decree entered in plaintiff's favor.

The conclusion reached by the trial court is fully sustained by the record, the result is equitable, and it is therefore—*Affirmed.*

Gaynor, C. J., Ladd, Evans and Preston, JJ., concur.