HELEN M. CURTIS, Appellant, v. E. H. HOYT et al., Appellees.

**TAXATION:** Collateral Inheritance Tax—Invalid Notice by Publication. Notice *by publication* of the time and place of assessing a collateral inheritance tax is *void* when the party entitled to notice is an actual resident of the county, and when the court orders and records relative to service by publication reveal no fact showing the impracticability of personal service in the county.

*Appeal from Van Buren District Court.*—D. M. ANDERSON, Judge.

FEBRUARY 7, 1922.

ACTION to cancel and set aside a collateral inheritance tax assessed against the property of plaintiff. Petition was dismissed at plaintiff's costs and judgment entered accordingly. Plaintiff appeals.—*Reversed.*

*Newbold & Newbold,* for appellant.

*Ben J. Gibson,* Attorney General, *B. J. Powers,* Assistant Attorney General, and *G. R. Buckles,* County Attorney, for appellees.

DE GRAFF, J.—A commission issued directed to the collateral inheritance tax appraisers of Van Buren County, Iowa

authorizing and directing them to appraise the property of R. B. Curtis who died intestate in said county December 21, 1917. A return of appraisement was made May 25, 1918 showing the value of the real estate to be $20,750, and moneys and credits in the sum of $17,460. This action was instituted by plaintiff, who is the sister of the decedent, and is predicated on the theory (1) that the tax was assessed illegally for the reason that no legal or proper notice was given of the proposed assessment and (2) because the property did not belong to R. B. Curtis at the time of his death, but was in fact the property of the plaintiff Helen M. Curtis.

It is the contention of the defendant that the real and personal property in question was transferred, assigned and conveyed by the decedent to the plaintiff prior to the death of the owner and in contemplation of death, and to avoid the payment of the collateral inheritance tax. The trial court so found and dismissed the petition upon its merits at plaintiff's costs.

If it may be said that the defendant failed to give the plaintiff due, legal and timely notice of the proposed assessment, then the court was in error in dismissing the petition, and it will be unnecessary for this court to pass upon the merits of the case reserving to the defendant the right to reappraise and give notice to the parties interested as provided by statute.

It appears from the record that after the commission issued to the collateral inheritance tax appraisers of Van Buren County the appraisers on May 2, 1918 ordered that said appraisement be made at the clerk's office in Keosauqua, Iowa on the 25th day of May, 1918 at 2 o'clock P. M. and that "statutory notice thereof be given."

An application addressed to the judge of the district court was filed on the same date in which it was stated that "we deem it impracticable to serve the notice upon interested parties as provided for by statute and we ask that such other notice be prescribed as may be deemed proper and advisable." In compliance therewith an order was entered by the court granting the prayer of the application and it is recited therein "that notice of the appraisement be given by publication." In conformity to this order entered May 2, 1918 the appraisers gave notice by publication in one issue of the Keosauqua Republican

(May 9, 1918) a weekly newspaper published in said county, and statutory proof thereof was filed. This published notice was addressed to the proper parties and apprised them that the property charged or sought to be charged with the payment of collateral inheritance tax would come on for hearing May 25, 1918 at 2 o'clock at the clerk's office in Keosauqua, Van Buren County, Iowa and that the said appraisers would proceed to appraise the estate of the decedent R. B. Curtis at said time and place.

The validity of the notice is dependent upon the provisions of the statute in relation thereto. Section 1481-a6 Code Supplement 1913 provides that it shall be the duty of collateral tax appraisers, upon receiving a commission to make an assessment, to forthwith give notice to the treasurer of state and other interested persons of the time and place at which they will appraise the property, which time shall not be less than ten days from the date of said notice. The notice shall be served in the same manner as is prescribed for the commencement of civil actions, and if not practicable to serve the notice provided for by statute, the appraisers shall apply to the court or judge thereof in vacation for an order as to such notice.

In the instant case it is conclusively shown that the plaintiff, the only party interested in the ownership of the estate, was an actual and bona-fide resident of Van Buren County, Iowa and had been all her life. She resided but a short distance from the county seat. This fact the appraisers well knew and they had been on her premises in an official capacity a short time prior to the filing of the application for order as to notice. There is no showing that it was impracticable for any reason to serve the statutory notice, which clearly contemplates that personal service shall be made of the commencement of an action against a resident of the county. This is a statutory guaranty to every resident that he shall not be molested in the enjoyment of his property rights without being first personally served with notice of the contemplated suit. Before the statutory notice may be substituted by another form of notice prescribed by the court it must be made to appear that it is impracticable to serve a notice in the statutory method, and this may not be made to depend on the mere allegation of the appraisers. A

duty devolves upon the trial judge before entering an order to find and determine a valid reason for changing the character of the notice. It may not be arbitrarily done. Furthermore it is not for the appraisers in the exercise of their discretion to define or prescribe the kind or character of "a publication."

The order in this case was quite indefinite, providing as it did for "notice by publication," without specifying the time, manner or the number of publications. The collateral inheritance tax law in this particular does contemplate the service of a notice other and different from that prescribed for the commencement of civil actions. Sections 3518 and 3535 Code 1897. The word publication has a defined meaning under our statute and if the word is used in an order of court intending a different meaning it must be defined with reasonable certainty.

Notice by publication whether under the statute or otherwise is constructive notice only. It is a mode of service provided by the legislature to be used in proceedings mostly exparte, and the proof required is made an element of jurisdiction by the statute. *Broghill v. Lash,* 3 G. Greene 357; *Carnes v. Mitchell,* 82 Iowa 601; *Tunis v. Withrow,* 10 Iowa 305; *Miller v. Corbin,* 46 Iowa 150; *Blachly v. Blachly,* 169 Iowa 489.

Constructive service of process by publication as defined by statute is authorized in cases where personal service cannot be had. This is the clear intent. The statute is in derogation of the common law and is to be strictly and literally observed. *Priestman v. Priestman,* 103 Iowa 320. Publication service on a person who is actually and openly a resident of the county where the action is brought is a nullity. *Main v. Kick,* 180 Iowa 50; *Estrem v. Town of Slater,* 181 Iowa 920.

The plaintiff by her action made a direct attack upon the appraisement and the tax imposed. Her action involved the question of jurisdiction in the premises. The court erred in its ruling on the sufficiency of the notice to plaintiff. This makes the determination of the second proposition unnecessary on this appeal. By reason of the expense involved, and since there is no claim that the appraisement or assessment is excessive, we feel justified in saying under the present record that the estate in question is subject to an assessment on the value of one half of the personal property as shown by the appraisement and

none other.   This is said without prejudice to the rights of either party to this action.

The judgment entered by the trial court must be and is— *Reversed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.