Lorain v. Smith.

----

## LORAIN v. SMITH *et al.*

1. **Tax sale:** VALIDITY OF. A tax sale will not be held invalid because of the fact that an employee or clerk in the treasurer's office bid in the land for the purchaser.

2. —— Nor by the fact that some time subsequently he became interested in the purchase.

3. —— DEED AS EVIDENCE. A tax deed showing that the land was sold at an adjourned sale, without reciting the causes justifying it, is, at least, *prima facie* evidence that the sale was properly held, and that proper cause for the adjournment existed.

4. —— POWER OF TREASURER TO EXECUTE SECOND DEED. The treasurer may execute a second deed in place of one invalid on account of its defective acknowledgment.

*Appeal from Dubuque District Court.*

THURSDAY, SEPTEMBER 18.

ACTION in equity to set aside tax title to mineral lot 61, in the city of Dubuque. The lot was sold on the 4th of November, 1863, to the defendant Smith, for the delinquent taxes of 1857-8-9, and a treasurer's deed was made and filed for record on the 7th day of November, 1866. It is claimed that H. A. Rooney was at the date of the sale the treasurer's clerk, and that Rooney furnished part of the purchase-money, and had at the time of the purchase an interest in the title acquired by Smith, and that the sale is consequently invalid.

The only testimony introduced on behalf of plaintiff was the depositions of H. A. Rooney and of Edward Smith, the defendants.

Their testimony shows the following facts: William G. Stewart was treasurer of Dubuque county at the time of the sale. H. A. Rooney was an employee of the treasurer, assisting in writing up the books and records, and in making out vouchers and certificates of tax sales. He was never deputy treasurer nor authorized to act as such. He was present at the sale and bid in the land in question for Smyth at his request. He had no interest in Smyth's purchase, nor was there at that time any agreement or understanding between him and Smyth that he might acquire an interest in the lot.

About three months after the sale Rooney acquired a half interest in the title obtained by the purchase.

The only evidence offered by defendants was two tax deeds for the land in controversy, to the defendant Smyth.

The first deed, dated November 7, 1866, made by W. G. Stewart, treasurer, and acknowledged before H. A. Rooney, notary public, is in the usual form, and recites that the sale was held *at an adjourned sale of the sale begun and publicly held on the first Monday of May, A. D.* 1861.

The second deed is dated February 1, 1873, and acknowl-

edged before A. Chapin, notary public, and, in addition to the recitals of the first deed, contains the following: *And, whereas, the said treasurer did, on the 7th day of November, 1866, execute to said Edward Smyth a treasurer's deed for said property, as above described, and acknowledged said deed before H. A. Rooney, notary public; and whereas, a question has arisen as to the propriety of such acknowledgment, for the purpose of correcting such acknowledgment, if any correction is needed therein, etc.* The plaintiff objected to each of these deeds as incompetent, and because each showed the sale of the lot in question at an adjourned sale of a sale begun on the first Monday of *May*, 1861, and not on the first Monday of October, 1860, and contained no recital of facts showing authority to begin a sale on the first Monday of May, nor was any proof of such facts offered.

Thereupon the counsel for defendant stated that in case the court deemed it necessary to have evidence showing that the tax sale mentioned in said deed was begun as required by law, and adjourned from time to time as provided by law, until said sale, he could furnish such evidence and would make the offer to do so in case the court required it.

Afterward the court rendered judgment for defendants, and dismissed plaintiff's petition, announcing that he overruled plaintiff's objections to said deeds.

Plaintiff appeals.

*De Witt C. Cram* for the appellant.

*H. B. Fouke* for the appellees.

DAY, J. — I. The sale is not invalid because of the connection of the defendant, H. A. Rooney, therewith. From the evidence it appears that he was a mere employee in the treasurer's office. He was not deputy treasurer. He had nothing to do with the sales for delinquent taxes. He could have no control or influence over the treasurer's action, nor could he, in virtue of his em-

1. TAX SALE: validity of.

ployment, prevent competition at the sales. His duties were purely of a mechanical nature. And all that he had to do with the purchase was simply to present the bid of the defendant Smith.

He furnished none of the purchase-money. He had no interest in the purchase at the time of the sale, and he did not acquire any interest until three months thereafter. Under the circumstances the sale is no more affected by the fact that he presented the bid, than it would have been if he had been employed simply to tear the tax receipts from the stubs, to carry in wood and water, or to sweep out the room.

His employment would as much influence the conduct of the sale, and tend to produce partiality and unfairness in the one case as in the other. The case differs essentially from *Corbin* v. *Beebee*, 36 Iowa, 336.

II. The objection to the deeds offered by the defendant is that they show that the lot in question was sold at an adjourned

3. —— deed as evidence.

sale of a sale begun and held on the first Monday of May, 1861, and not on the first Monday of October, 1860. It is claimed that the deeds are inadmissible without recitals or proof showing the cause of holding the sale in May, instead of October. Section 763 of the Revision provides that lands upon which taxes are delinquent shall be offered for sale on the first Monday of October in each year. But section 776 provides that if from neglect of officers to make returns, or from any other good cause, real property cannot be duly advertised and offered for sale on the first Monday of October, it shall be the duty of the treasurer to make the sale on the first Monday of the next succeeding month in which it can be made, allowing time for the publication as provided.

The deeds in question are in exact conformity with the form prescribed in section 783 of the Revision, and they have been duly recorded. Section 784 of the Revision provides that the deed, when substantially thus executed and duly recorded, shall be conclusive evidence that all the prerequisites of the law were complied with by all the officers who had, or whose duty it was

to have had any part or action in any transaction relating to or affecting the title conveyed, from the listing and valuation, up to the execution of the deed, both inclusive, except as to the three points named, whereof the deed is *prima facie* evidence only.

In *McCready* v. *Sexton & Son*, 29 Iowa, 356, it was held that a deed regularly executed is *prima facie* evidence of those things respecting which it is not competent for the legislature to declare it *conclusive* evidence.

The deeds in question, as we have before stated, are executed in exact conformity with the statute. They are, therefore, at least *prima facie* evidence that good cause existed for beginning the sale on the first Monday of May, and were admissible in evidence, without further recital or proof. If, in fact, the sale was not authorized at the time at which it occurred, proof thereof, under the statute, must be adduced by the party assailing the title purporting to be conveyed by the deed.

III. The first deed of the treasurer was acknowledged before H. A. Rooney, who, before taking the acknowledgment, had acquired an interest in the land conveyed. For the purpose of curing the real or supposed invalidity of this conveyance growing out of the acknowledgment, the second deed was made. Appellant claims that the treasurer had no power to make the second deed; that the first deed, though void, was correct in fact and form, and there was no mistake to be corrected; that Smith knew, or must be held to have known, that the deed was void because of the acknowledgment before Rooney. We are not able, however, to distinguish this case, in principle, from *McCready* v. *Sexton & Son*, 29 Iowa, 356.

If the sale is regular, the purchaser has the right to be clothed with the legal title, which can be done only by the execution of a valid deed. If the deed is void from any cause existing in the form of the body of the deed, or of the acknowledgment, the treasurer has the right to execute a valid deed, provided he can do so in conformity with the actual facts of the sale. The treasurer has the power, and it is his duty

to convey. He does not exhaust this power, or become relieved from this duty, by the doing of a void act.

The second deed, therefore, was' properly admitted in evidence, and there is no error in the action of the district court.
Affirmed.