## SHERRY *v.* McKINLEY.

The rulings in *De Treville* v. *Smalls* (98 U. S. 517) and in *Keely* v. *Sanders* (*supra*, p. 441) reaffirmed.

ERROR to the Supreme Court of the State of Tennessee.

This is a bill filed by McKinley and others in the Chancery Court of Shelby County, Tennessee, and for the purposes of the case it was conceded that they were the owners of two lots of ground near Memphis, in that county, prior to the tax sale thereof, June 22 and June 25, 1864, under the act of Congress for the collection of direct taxes in insurrectionary districts

within the United States and for other purposes, and the acts amending the same. Tax-sale certificates in due form were granted by the commissioners to Sherry, the purchaser at said sale. The complainants alleged that the sales were null and void, because the said acts of Congress were unconstitutional; that the assessment was excessive; that the commissioners put the act in force before the military occupation of the whole of said county by the United States; that the sales were not sufficiently advertised; and that although the day fixed in the advertisement was June 13, 1865, the lots were not in fact sold until the 22d and 25th of that month. The bill prayed that the sales be set aside. The defendants answered. The court passed a decree in conformity with the prayer of the bill. The Supreme Court, on appeal, decreed that the tax commissioners in making the sales did not follow the acts of Congress in this, that the military authority of the United States was not established throughout the county of Shelby when they entered upon the discharge of the duties of their office; that the sales were therefore void; that the certificates be cancelled and held for naught; that the possession of the property be restored to the complainants; and that an account of the rents and profits be taken. Thereupon Sherry sued out this writ of error.

*Mr. William M. Randolph* for the plaintiff in error.
*Mr. J. B. Heiskell, contra.*

MR. JUSTICE STRONG delivered the opinion of the court.

Most of the questions presented in this record received our consideration in *Keely* v. *Sanders* (*supra*, p. 441), to which we refer. We shall not repeat what was there said. The sole ground upon which the Supreme Court of the State rested its decree declaring the tax sales to be invalid was that the military authority of the United States had not been established throughout the county of Shelby when they took place, and, therefore, that the lots were not then subject to sale according to the provisions of the act of Congress. That this ground cannot be maintained, we held in the former case.

That both the lots were subject to the tax, and that it had not been paid or they redeemed, is not controverted. It is also in evidence, and not denied, that the commissioners gave a

certificate of sale of each of the lots to Sherry, the purchaser. What the effect of that certificate is we determined in *Keely* v. *Sanders*, as also in *De Treville* v. *Smalls*, 98 U. S. 517. If it be suggested (though it has not been during the argument) that the sale of lot 32 was of a different lot from that claimed by the complainants, it may be replied, that the suggestion is in conflict with the proof.

It is true it was mentioned as "part of Manly tract," which was an obvious mistake that could have misled no one; for there was no such tract, and the remaining portion of the description clearly identified the property. It was as follows: "Lot 32. . . . Six and fifty-eight one-hundredths acres $(6\frac{58}{100})$ assessed to heirs of McKinley (the complainants) in 1860. Fifth civil district (country)."

It is a fair presumption that the description was taken from the State assessment of 1860, and followed it, since there is no evidence to the contrary. The number and the designation of owners are correct. No doubt the description would be sufficient in a deed, since it afforded the owners the means of identification, and could not have misled them. Cooley, Const. Lim. 282.

The objection that the sales were not sufficiently advertised is met in the cases we have heretofore decided. But in truth they were advertised four weeks before they were made. The tax sales in the district were advertised to commence on the 13th of June, and to continue from day to day until all the lands not redeemed from forfeiture were sold. The sales of the lots now in controversy were made confessedly more than a month after they had been advertised for sale. *Lorain* v. *Smith et al.*, 37 Iowa, 67.

It is to be presumed that the sales were adjourned from day to day until June 25. At most, there was but an irregularity which the act of 1863 rendered ineffective to defeat the title of the purchaser.

The judgment of the Supreme Court will be reversed, and the record remitted with instructions to order a dismissal of the bill; and it is

*So ordered.*

Mr. Justice Field dissented.