HENRY A. TOWNE v. EDWARD F. MILNER, *et al.*

31   207
40   243
──────
31   207
,f61   252

1. SHERIFF'S DEED *in Evidence; Admissions Cured Defect, if Any.* In an action for the recovery of real property, the defendants claimed title by virtue of a sheriff's deed executed June 19, 1876. After the plaintiff had rested, the defendants offered to introduce this deed, which recited a judgment against the judgment debtor of April 14, 1869, and the issuance of an *alias* execution November 17, 1875. The plaintiff objected to the deed, upon the ground that the inference therefrom was that the execution was issued on a dormant judgment; and further, that the deed recited an *alias* execution without setting forth the original execution, or stating what had been done under the prior execution or executions. The court announced that it was of the opinion that the objection should be sustained, but it would admit the deed upon condition that the defendants should consent to its reception subject to the plaintiff's objection, and stand as evidence only in the event that the court should, on fuller consideration, be of the opinion that it was competent, to which condition the defendants consented, and the court then admitted the deed in evidence. Soon thereafter the plaintiff admitted that the judgment recited in the deed had not become dormant by lapse of time at the date of the execution set forth therein, and had been kept alive by executions duly issued from time to time thereon. *Held,* That in view of the subsequent admissions of the plaintiff, he was not prejudiced by the reception of the sheriff's deed upon the condition stated; and *held, further,* that if the deed was defective by reason of the alleged omissions, it was fully cured by the admissions of the plaintiff.

2. COURT RECORD, *as Evidence; Presumptions.* As a general rule, where a party relies upon the record of a court of general jurisdiction as proof, he must introduce the whole of it; and if he does not, the presumptions from silence or absence will be against him and not in his favor. (*Ogden v. Walters,* 12 Kas. 282.)

*Error from Coffey District Court.*

ACTION by *Towne* against *Milner* and another, to recover the possession of certain land in Coffey county. Judgment for defendants, at the January Term, 1883. This judgment plaintiff brings here. The opinion states the facts.

*Ed. S. Waterbury,* for plaintiff in error.

*Redmond & Junkins,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by the plaintiff against the defendants for the recovery of the southeast quarter of section 35, township 19, range 13, in Coffey county. The following are the facts in the case: On April 26, 1869, and for a long time prior thereto, Thaddeus H. Walker was the owner of the premises in controversy; April 14, 1869, Stephen L. Davidson obtained a judgment against Walker in the district court of Leavenworth county, in this state, for $1,794.57, and his costs; April 26, 1869, a transcript of the judgment was filed in Coffey county; April 10, 1874, an execution was issued upon the judgment, directed to the sheriff of Coffey county, who levied the same upon a large amount of other lands belonging to Walker, and the same were advertised for sale, but before the day of the sale the execution was, by order of the owner of the judgment, returned without offering the lands for sale; November 24, 1874, another execution was issued on the judgment, directed to the sheriff of Coffey county, who levied the same upon the lands of Walker, other than the land in controversy, appraised and advertised the same, and offered the lands for sale, and at such sale the lands were stricken off to R. I. Lee and C. W. Holder; no money was paid on this sale; February 3, 1875, the plaintiff moved to have the sale confirmed in the district court of Leavenworth county, and on February 6, 1875, the motion was sustained, and the court ordered the sheriff of Coffey county to make deeds to the purchaser; August 28, 1875, the sheriff and R. I. Lee, one of the purchasers, moved the said court to vacate and set aside the order of confirmation, and the sheriff asked leave to amend his return; October 9, 1875, these motions were sustained, and the order of confirmation was vacated so far as the sale to R. I. Lee was concerned, and leave was granted the sheriff to amend his return; November 17, 1875, the execution recited in the sheriff's deed held by the defendants, and under which they hold title, was issued out of

the district court of Leavenworth county on said judgment, and directed to the sheriff of Coffey county, who proceeded to levy on the land in controversy, and caused the same to be advertised and sold, and made return thereof; February 12, 1876, the sheriff and the owner of the judgment moved the court to vacate and set aside the order of confirmation made February 6, 1875, so far as the same related to the sale to C. W. Holder, which motions were sustained, and said order was vacated; on the same day a motion was made to confirm the sale made on the execution issued November 17, 1875; March 11, 1876, both of said motions were sustained and the order of confirmation was vacated, and the last-mentioned sale was confirmed and the sheriff ordered to make deeds to the purchaser, C. W. Holder; June 19, 1876, the sheriff executed and delivered the deed to C. W. Holder; May 11, 1876, C. W. Holder and wife conveyed the land by warranty deed to Mary A. Milner; July 5, 1879, Mary A. M. Milner died intestate, leaving as her sole surviving heirs, William Milner, her husband, and the defendants; July 13, 1880, William Milner conveyed said land by a deed of quit-claim to the defendants; October 6, 1869, Thaddeus H. Walker, for a valuable consideration, conveyed said land to George Johnson by warranty deed, which was recorded in Coffey county, November 30, 1869; November 30, 1872, George Johnson and wife conveyed the land to Samuel McConnel and Henry A. Towne, the plaintiff, by deed of warranty; February 18, 1875, Samuel McConnel and wife conveyed by warranty deed the land to the plaintiff.

The court also made the following additional finding: "In the case of Stephen L. Davidson against Thaddeus H. Walker, in Leavenworth county, Kansas, the defendant, Thaddeus H. Walker, received due and legal notice of all the proceedings had therein from and after February 5, 1875; that is, the presumption that such notice was given is not overcome by the evidence." Judgment was rendered for the defendants, and the plaintiff complains of the ruling.

14—31 KAS.

I. The defendants offered to introduce a sheriff's deed dated June 19, 1876, as evidence of the transfer of Walker's title to Holder, under whom they claimed. This deed recited the judgment against Walker of April 14, 1869; the issuance of an *alias* execution, November 17, 1875; a sale thereunder to Holder December 31, 1875, and the confirmation of such sale on March 11, 1876. The plaintiff objected to the deed upon the ground that the inference therefrom was that the execution was issued on a dormant judgment; and further, that the deed recited an *alias* execution, without setting forth the original execution or stating what had been done under the prior execution. After argument upon the objection, the court announced that it was of the opinion that the objection should be sustained, but that it would admit the deed upon the condition that the defendants' counsel should consent to its reception, subject to the 'plaintiff's objection, and stand as evidence only in the event that the court should, on fuller consideration, be of the opinion that it was competent, to which condition the defendants consented, and the court thereupon admitted the deed in evidence. The action of the court in this regard is claimed to be erroneous. It is further claimed that the deed upon its face, for the reasons given, was not valid. The plaintiff could not have been misled or prejudiced by the action of the court in receiving the deed upon the conditions stated, because soon thereafter he admitted the judgment recited in the deed had not become dormant by lapse of time up to the date of the execution set forth therein, but had been kept alive by executions duly issued from time to time thereon. If, therefore, the deed was defective by reason of the alleged omissions, it was fully cured by the admissions of the plaintiff.

II. It is also claimed that the levy upon Walker's lands under the execution of November 24, 1874, together with the sale of the same on January 11, 1875, and the confirmation of said sale on February 6, 1875, satisfied the judgment against Walker, and therefore that the subsequent *alias*

execution of November 17, 1875, and the subsequent orders of the court, were void. In support of this proposition, it is contended that upon the confirmation of February 6, 1875, the jurisdiction of the district court over Walker ceased, and thereafter he was out of court. It appears that after February 6, 1875, and prior to the issuance of the *alias* execution of November 17, 1875, the confirmation of the sale to R. I. Lee was vacated and the sheriff given leave to amend his return. Prior to the confirmation of the sheriff's sale under the execution of November 17, 1875, the confirmation of the sale made February 6, 1875, to C. W. Holder, was also vacated. If the order vacating the confirmation of February 6, 1875, were rendered without notice to Walker, we would agree with the counsel for plaintiff that said proceedings were invalid. The findings, however, of the court, are against the plaintiff. It does not appear that the whole record in the case of Stephen L. Davidson against Thaddeus H. Walker was produced in evidence, and although the deposition of Walker tended to prove that neither he nor his attorney had ever had notice of any of the proceedings in that case, subsequent to the confirmation of the first sale, yet neither his testimony, nor the other testimony offered by the plaintiff, was conclusive. If the plaintiff had wished to establish the fact that no notice had been given Walker or his attorney subsequent to the confirmation of the first sale, a certified transcript of the proceedings had in the case of Davidson against Walker ought to have been obtained and introduced upon the trial, or, in its absence, some other evidence equally conclusive should have been presented. As a general rule "where a party relies upon a record as proof he must introduce the whole of it, and if he does not, the presumptions from silence or absence will be against him and not in his favor." (*Hargis v. Morse*, 7 Kas. 415; *Ogden v. Walters*, 12 id. 282.) All presumptions are in favor of the validity of the judgments, orders and proceedings of a court of general jurisdiction, as the district courts of this state are,

and upon the record presented to us we cannot disturb the finding or the judgment of the trial court.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.