## T. B. EDWARDS v. C. N. SIMS.

TAX DEED, *Recorded More than Five Years, When not Overthrown.* A tax deed that has been recorded in the proper county for more than five years, and under which the tax-deed claimant has been in the actual possession and occupancy of the land, where the land sold for taxes was subject to taxation, and the taxes have not been paid or the land redeemed as provided by law, cannot be overthrown by evidence not

contained within or upon the face of the deed. If the tax deed is good on its face, the limitation contained in §141, chapter 107, Compiled Laws of 1885, applies; and no suit or proceeding can be maintained against the claimant in possession under the tax deed unless commenced within five years from the time of the recording of such tax deed.

*Error from Chase District Court.*

EJECTMENT. Judgment for defendant *Sims*, at the December term, 1886. The plaintiff *Edwards* brings the case to this court. The opinion states the facts.

*Ed. S. Waterbury*, for plaintiff in error.

*A. J. Utley*, for defendant in error.

Opinion by SIMPSON, C.: This is an action in ejectment, and the land in controversy was patented to Thaddeus H. Walker, in 1860, who conveyed it to Joseph D. Hevelin in January, 1882, and Hevelin conveyed it to the plaintiff in error, Edwards, in January, 1885. This action was commenced in the Chase county district court on the 3d day of November, 1885, by the plaintiff in error against the defendant in error, to recover possession. The defendant in error relies on a tax deed filed for record on the 27th day of November, 1879, it being of record for nearly six years before the commencement of the action, and the operation of the limitation contained in §141, chapter 107, Compiled Laws of 1885, to defeat the recovery.

. The tax deed reads as follows:

"Know all men by these presents, that whereas, the following-described real estate, viz., northwest quarter of section thirteen, and the southwest quarter of section twelve, all in township twenty, of range nine east, situated in the county of Chase and state of Kansas, was subject to taxation for the year 1874; and whereas, the taxes assessed upon said real property for the year aforesaid remained due and unpaid at the date of the sale hereinafter mentioned; and whereas, the treasurer of said county did, on the 11th day of September, 1875, by virtue of the authority in him vested by law, at an adjourned sale of the sale begun and publicly held on the first Tuesday of September, 1875, expose to public sale at the

county seat of said county, in substantial conformity with all
the requisitions of the statute in such case made and provided
the real property above described for the payment of the taxes,
penalty and cost then due and remaining unpaid upon said
property; and whereas, at the place aforesaid said property
could not be sold for the amount of tax and charges thereon,
and was therefore bid off by the county treasurer for said
county for the sum of thirteen dollars and seventy-eight cents,
the whole amount of tax and charges then due; and whereas,
for the sum of one hundred and sixty-seven dollars and forty-
eight cents paid to the treasurer of said county on the 21st
day of July, 1879, the county clerk did assign the certificate
of sale of said property and all the interest of said county in
said property to said Albert Evans, of the county of Chase
and state of Kansas; and whereas, the said Albert Evans did,
on the 10th day of November, 1879, duly assign the certifi-
cate of the sale of the property as aforesaid, and all his right,
title and interest to said property, to Anna R. Evans; and
whereas, the subsequent tax of the year 1878, amounting to
the sum of thirty-eight dollars and forty cents, has been paid
by the purchaser as provided by law; and whereas, four years
have elapsed since the date of sale, and the said property has
not been redeemed therefrom, as provided by law: now, there-
fore, I, S. A. Breese, county clerk of the county aforesaid, for
and in consideration of the sum of two hundred and five dol-
lars and eighty-eight cents, taxes, costs and interest due on
said land for the years 1874, 1875, 1876, 1877 and 1878, to
the treasurer paid as aforesaid, and by virtue of the statute
in such case made and provided, have granted, bargained and
sold, and by these presents do grant, bargain and sell unto the
said Anna R. Evans, her heirs and assigns, the real property
last hereinbefore described; to have and to hold unto her, the
said Anna R. Evans, her heirs and assigns, forever, subject,
however, to all rights of redemption provided by law.

"In witness whereof, I, S. A. Breese, county clerk as afore-
said, by virtue of the authority aforesaid, have hereunto sub-
scribed my name and affixed the official seal of said county, on
this 10th day of November, 1879.

[Seal.]                    S. A. BREESE, *County Clerk.*"

On the trial in the court below the parties agreed that the
following facts should be taken as true upon the trial and all
future proceedings therein without further proof:

"That the defendant, C. N. Sims, is, and for more than five

years prior to the commencement of this action has been, a resident and citizen of the state of New York; that he never resided in Kansas, and never was in the state of Kansas but twice, once in 1881 and again in 1883, but not to exceed three weeks altogether, and not more than one week in Chase county. That under a patent therefor from the United States to Thaddeus H. Walker, issued on the 7th day of September, 1860, and a chain of valid intermediate conveyances from said Walker to this plaintiff, the legal title of the lands in question in this action and the right to the possession thereof is, and at the commencement of this action was, in this plaintiff, and the plaintiff is entitled to judgment in this action accordingly, unless such right and title of this plaintiff are defeated by the tax deed from the county clerk of Chase county to Anna R. Evans, the grantor of this defendant, and under which tax deed defendant claims title in this action.

"And the parties further likewise agree that the following facts shall be taken as true upon this trial and all future proceedings herein without further proof, subject only to the objection of the defendant for incompetency, because of the statute of limitations having been in favor of the defendant's tax deed, to wit: That no notice whatever was given of the meeting of the county board of equalization of Chase county, Kansas, for the equalization of the taxes of 1874, and no meeting of said board was held for that year. The county treasurer of Chase county, when he had received the county tax-roll for 1874, did not cause to be published in any newspaper any notice stating in said notice the amount of taxes charged for any purpose on each hundred dollars of valuation. The county treasurer of Chase county, did not, in the year 1875, make out any list of lands and lots subject to the sale, and no notice was given of the tax sale of the year 1875 in said county, by the county treasurer of said county. The county treasurer of Chase county neither gave nor caused to be published any notice that unless the land or lots sold at the tax sale in said county in 1875 should be redeemed on or before the days limited therefor, specifying the same, they would be conveyed to the purchasers, no final notice to redeem ever having been given before the conveyance of the lands in question in this case, as shown by the tax deed to Anna R. Evans, under which defendant claims title. Each of the two quarter-sections of land in question in this case was separately listed for the taxation of 1874, and each was separately valued and assessed, and the tax of 1874 was levied on each quarter-section separately, and the tax

of 1874 was extended against each quarter-section separately on the tax-roll; but when said lands were exposed and offered to public sale for the unpaid taxes of 1874, the said two quarter-sections were offered together in a lump for one gross sum, and were bid off together in a lump for one gross sum. The assessment, levy, sale and conveyance of said lands, for the taxes of 1874 were void, except as the same are cured by the statute of limitations in favor of the tax deed given thereon to Anna R. Evans, under which defendant claims title in this case."

A jury was waived, and the case tried by the court. The court made special findings of fact and a conclusion of law as follows:

"1. The southwest quarter of section twelve and the northwest quarter of section thirteen, all in township twenty, range nine, in Chase county, Kansas, were duly patented and conveyed by the United States to Thaddeus H. Walker, on the 7th day of September, 1860, and said Thaddeus H. Walker duly executed, acknowledged and delivered a conveyance of said land in due form, his wife Margaret E. Walker joining therein, to Joseph D. Hevelin, on the 27th day of December, 1881, which conveyance was duly recorded January 4, 1882, in the register of deeds' office of said county; and on the 26th day of December, 1884, said Joseph D. Hevelin, with his wife, duly executed, acknowledged and delivered his deed in due form of the conveyance of said lands to this plaintiff, which deed was, on the 15th day of January, 1885, duly filed and recorded in the office of the register of deeds of said county.

"2. On the 10th day of November, 1879, the county clerk of Chase county, Kansas, duly executed, acknowledged and delivered a tax deed of that date, in due form of law, conveying said lands to Anna R. Evans for delinquent taxes, which deed was, on the 24th day of November, 1879, duly filed and recorded in the office of the register of deeds of Chase county, Kansas, in book K, page 96, of the records of said office. Under said tax deed Albert Evans, husband of said Anna R. Evans, went upon said land in the month of April, 1880, and dug a cellar, and commenced to build a house and to improve said land. Up to that time said land had remained vacant and unoccupied prairie, and in the month of May, 1880, said Evans moved his family upon said land; and while residing on said land, and on the 21st day of January, 1881, said Albert Evans and Anna R. Evans his wife duly executed, acknowledged and delivered their deed of that date in due form,

and thereby conveyed said lands to this defendant for a therein recited consideration of $2,000, which deed was, on the 13th day of December, 1881, duly filed and recorded in the office of the register of deeds of Chase county; said Evans, continuing thereafter to occupy as the tenant of said Sims, moved away from said land in March, 1881, since which time it has been continuously occupied by some tenant, agent or employé of the defendant.

"3. The defendant, C. N. Sims, was not, and before the commencement of this action never had been, a resident or citizen of the state of Kansas, and never was in the state of Kansas but once in 1881, and again in 1883, but not to exceed three weeks altogether.

"As a conclusion of law from the foregoing facts, the court finds that judgment should be rendered in this case in favor of the defendant."

To the foregoing findings of fact and conclusion of law and each and every one of them the plaintiff duly objected and excepted. There was a motion for a new trial, which was overruled, and all exceptions saved. The plaintiff in error contends that the tax deed is void on its face for several reasons:

"1. It shows that two tracts were sold together for one gross sum.

"2. The sale was at an adjourned sale, and held at a time when the notice required by law for an adjourned sale could not be given.

"3. It shows the amount which the county collected for the assignment of the certificate of sale to have been more than it was entitled to — more than four times the legal amount.

"4. It shows that the deed was made not only in consideration of the tax of 1874, for which the sale was made, and of the subsequent tax for the year 1878, paid by the purchaser, as provided by law, but also in consideration of the taxes of 1875, 1876, and 1877.

"5. It does not purport to convey all of the land in question."

His last contention is that, conceding the tax deed to be good on its face, the tax-title holder has himself established that the two quarter-sections never having been occupied, were two "parcels" of real property, which must have been separately taxed and sold. The counsel for plaintiff in error undoubtedly

recognizes that the vital question in this case is, whether the deed is good on its face, or not. If it is good on its face, it set the statute of limitation to running from the date of its record; and it having been recorded for more than five years before the commencement of this action, it not only bars the remedy, but extinguishes the right of the plaintiff in error, and vests the title in the adverse tax-deed holder. We shall therefore examine the tax deed, and determine in the light of the statutory provisions and adjudicated cases, whether or not the tax deed is void on its face for the reasons assigned.

I. As to the first: It appears that the two tracts of land recited are adjoining, and are the southwest quarter of section twelve and the northwest quarter of section thirteen, in township twenty, range nine, in Chase county, Kansas. We take judicial notice of the fact that these two tracts are contiguous. It may be, if the deed is void on its face, that it affords no presumption of the regularity of the assessment; and assuming that this is so, still the assessment is supported by the presumption that the assessing officers have done their duty. It is said as a matter of statutory direction, or construction, that these tracts should be assessed separately; but this court has said that if the separate tracts adjoin, and are in compact form, and are used and occupied as a single tract, they may be listed and valued together, and may be sold at a tax sale for a single consideration, and as a single parcel. (*Dodge v. Emmons*, 34 Kas. 732.) So that the mere fact that two tracts are described in the deed as sold for one gross sum, does not make the deed void on its face, the presumption all the time being that it was rightfully assessed, as being used and occupied as a single tract. If the tracts were so far apart as to necessarily preclude an inference that the land was used and occupied together, the deed might be held to be void on its face, under previous rulings of this court; but in the phase of the question we are now considering, we do not think the deed is void for the reason assigned.

II. It is said that the deed is void on its face because it

shows that the sale was an adjourned one, and held at a time when the notice required by law could not be given. The deed recites that "the county treasurer did, on the 11th day of September, 1875, at an adjourned sale of the sale begun and publicly held on the first Tuesday of September, 1875, expose to public sale," etc. In the first place, we remark that the deed is in the exact language of the statute, so far as it recites the sale. (Comp. Laws of 1885, ch. 107, §138.) In the second place, it may be said that the statute requires the county treasurer to sell delinquent lands for taxes, on the first Tuesday in September of each year, and to continue the sale from day to day until all is sold, (ch. 107, §§106, 109,) but if any treasurer shall unavoidably omit or fail to sell at that time, he shall advertise and sell the parcels omitted on the fourth Monday in October following. (Ch. 107, §125.) Now this sale was commenced on the seventh day of September, and the particular tracts or parcels were sold on the eleventh day of September. The plaintiff in error insists that the language shall be construed with reference to the adjourned sale in October for the omission or failure of the treasurer to sell in September; while we think that the natural construction is, that the sale commenced on the seventh, and was continued or adjourned from day to day until the eleventh day of that month, when this tract or parcel was sold. It could not mean the October sale, because that required a new notice, and because there are no dates mentioned that would authorize such a meaning. There is no evidence showing that the sale did, in fact, occur at a time different from that recited in the deed, and hence we have given the recital the natural construction which the words import; and besides, that construction is supported by the authority of the cases of *Lorain v. Smith*, 37 Iowa, 67, and *Sherry v. McKinley*, 98 U. S. 496.

III. The third reason was not insisted upon very strongly in the argument, but we have examined it sufficiently to satisfy ourselves that it is not tenable. The deed in fact substantially recites that it is made in consideration of the payment of the assignment of the certificate of sale held by the county

for the taxes of 1874, and those of 1875, 1876, 1877, and 1878. The recitation is sufficient to show that the person to whom the tax deed was made had paid all that was required by law to entitle the deed to be executed and delivered. This disposes of both the third and fourth reasons assigned for the invalidity of the deed.

IV. By the fifth reason given it is sought to apply the ruling in the case of *Spicer v. Howe*, 38 Kas. 465, to the recitals in this deed; but this cannot be done for the very conclusive reason, among others, that there is only one description of real property in this deed, and that is, the N.W. qr. of sec. 13 and the S.W. qr. of sec. 12, all in township 20, of range 9; so that the words "the real property last hereinbefore described" have but one description to be applied to, while in the case cited there were three different descriptions of real property recited.

V. The last and most persistent reason, that the deed is void on its face, is the fact that the defendant in error has shown in the course of his evidence that at the time the assessment was made these two quarter-sections of land were vacant. The case of *Town v. Miller*, 31 Kas. 207, is invoked to aid this contention, and it is insisted with great vigor that it is conclusive. In that case a sheriff's deed, which was probably void upon its face, was admitted to be good by the party against whom it was introduced. In this case, the party who relies on the tax deed introduces evidence tending to show that the assessment was erroneous, or to make it stronger, was illegal. In the case cited there was no defense based on the statute of limitation; the pivotal question was whether Walker had notice of the proceedings subsequent to the confirmation of the first sale. In the course of the trial below, the defendant in error offered in evidence a sheriff's deed; the plaintiff in error objected to its introduction because it showed that the execution was issued on a dormant judgment. The court admitted the sheriff's deed, subject to the objection, and subsequently the plaintiff in error admitted in open court that the judgment had not become dormant when the execution was issued. Being beaten below, he brought error to this court, and as-

signed the conditional ruling as to the sheriff's deed, as a reason for reversal; and the court said that if the deed was defective, it was fully cured by the admission.   Here the statute of limitation contained in the tax law is relied upon as a defense to the action of the plaintiff in error; and, assuming that there was such a state of facts as would render this tax deed void if the statute did not operate, it appears to us that the admission would have to go to the extent that the tax deed was void on its face, to make this and the reported case parallel.   The defendant in error proved at the trial that he, and those from whom he claimed, had been in the actual possession and occupancy of the land since the spring of 1880, being more than five years before the commencement of the action.   In making this proof and fixing the time of possession, it was necessarily developed that before the spring of 1880, the land was vacant and unoccupied, and this latter fact is made the basis of the claim that when the mind and conscience of the court have been legally informed that the tax title was wrongfully obtained, all presumptions that it was rightfully acquired are necessarily at an end.   The trouble about this proposition is, that the statutes of limitation are positive statutory enactments, and control both the mind and conscience of the court; and unless it can be said in this particular case that the tax deed upon which the defendant in error relies is void on its face, the statute controls, and all appeals to the conscience of the court are unavailable.

We have noticed all the objections urged against the tax deed, and it not being pretended that the taxes were paid, the land redeemed, or that it was not subject to taxation at the time it was listed, it becomes to us a matter of positive duty, in obedience to the mandates of the law-making power of the state, to apply the limitation contained in § 141 of the tax law to the facts as shown by the record, and the result is that none of the matters alleged against the deed can be considered by the court, because the deed had been recorded for more than five years before the commencement of this action against the

assigns of the tax purchaser for the recovery of the land, and at that time the bar of the statute was complete.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.