## DENDY et al. v. SOUTHERN PINE LUMBER CO. et al.

(Circuit Court of Appeals, Fifth Circuit.　December 7, 1920.)

No. 3481.

1. **Appeal and error** ⊜349(2)—**Review in cases tried without jury.**

   Where an action at law is tried by the court by stipulation, and a general finding only is made, only rulings made during the trial and excepted to at the time are reviewable.

2. **Judgment** ⊜517—**Not subject to collateral attack for matter of defense in original suit.**

   A judgment for taxes in favor of the state against the unknown owners of a tract of land, under which the land was sold as a single tract, cannot be collaterally attacked by the owners of a part of the tract on the ground that a part of the taxes for which their land was sold was against other land, which was a matter of defense in the original suit.

In Error to the District Court of the United States for the Eastern District of Texas; William R. Smith, Judge.

Action at law by Alfred Dendy and others against the Southern Pine Lumber Company and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

B. B. Perkins, of Rusk, Tex., for plaintiffs in error.

R. E. Minton, of Groveton, Tex., for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The plaintiffs in error, who were all of the heirs at law of James M. Dendy, except Jesse Dendy, filed a statutory action of trespass to try title against the Southern Pine Lumber Company in the United States District Court for the Eastern District of Texas. They claimed title to 200 acres of land out of a tract of 320 acres, known as the Harmon Ellis survey. They alleged that this survey was patented to J. H. Dendy, who died leaving two heirs, J. M. Dendy and Larkin Dendy. Larkin died, leaving J. M. Dendy as his sole heir.

Administration of the estate of J. M. Dendy was had in the probate court of Cherokee county, Tex. Two hundred acres of said land were by order set apart as the homestead of the children of the deceased, and 120 acres were by order of court sold to L. M. Allen, to whom the administrator of Dendy made a deed.

On May 14, 1898, pursuant to proceedings had in the district court of Cherokee county, a judgment was rendered in favor of the state of Texas for the taxes due it for the years 1884 to 1896, inclusive, on the tract of land described by the courses and distances contained in the patent to J. H. Dendy, and it was ordered sold to pay said taxes. A sale was had pursuant to said judgment. The land was purchased by Laura A. Sloan. The deed described the land by courses and distances identically as described in said judgment. By mesne conveyances the land has been conveyed from Mrs. Sloan to the defendant.

It was stipulated that each purchaser since Mrs. Sloan has paid an

adequate and valuable consideration for the lands purchased. The Southern Pine Lumber Company introduced a chain of title from Jesse Dendy (one of the heirs at law of J. M. Dendy) to itself. The case by agreement was tried by the court without a jury.

The plaintiffs introduced the patent from the state of Texas to J. H. Dendy. It was stipulated that he died intestate, leaving only two children. James M. and Larkin Dendy; that Larkin Dendy died, leaving J. M. Dendy his sole heir; and that plaintiffs and Jesse Dendy are the heirs at law of J. M. Dendy, deceased.

The plaintiffs also introduced in evidence the record of administration on the estate of James H. Dendy, showing the appointment of an administrator therefor, the setting apart in 1859 of 200 acres of land as a homestead for the children of the deceased, and the sale of 120 acres of said land in July, 1860, to L. M. Allen, with the deed executed by said administrator on November 19, 1860, to said Allen, and its record; the index stating the grantee as S. M. Allen.

The defendant introduced in evidence the judgment in the proceedings in the district court of Cherokee county, Tex., entitled "The State of Texas v. Unknown Parties," which adjudged that the state do recover from said unknown parties the taxes due "on each of the following described tracts or parcels of land, to wit: Seventy-six dollars and forty cents, due on the following described land, being a part of the H. Ellis survey, about 14 miles S. W. from Rusk survey No. 820" (here followed the courses and distances covering the entire survey as described in the patent to Jas. H. Dendy), and ordering a sale of the land to pay said taxes.

Defendant proved that an order of sale correctly describing the land was issued, and introduced a return of the sale, referring to an attached order of sale for a more complete description; also a deed from the sheriff of Cherokee county, reciting said order of sale, and said judgment and decree of sale, and conveying the land by the same courses and distances as were given in said judgment and decree of sale to Laura H. Sloan, wife of John A. Sloan.

The plaintiffs objected to the introduction of said deed on the ground that neither the judgment nor the return on order of sale contained the same description as in the deed, or any description whatever, which being overruled, plaintiffs excepted. The defendant then proved title in itself, derived from Laura H. Sloan and John A. Sloan.

It was agreed that the lands had not been returned by any one for taxes since 1882 to 1897, that no taxes had been paid on them for said years by plaintiffs, or any one, and that they had been assessed by the assessing officers for taxes against "unknown owners" for said intervening years. The land was vacant.

The description of the land by courses and distances in the judgment, in the order of sale, and in the deed is the same. The only difference is that in the judgment it is stated to be for the taxes due "on each of the following described lots or parcels of land as follows: Seventy-six dollars and forty cents, on the following described land, being a part of the H. Ellis survey," etc.—then giving courses and distances. The judgment shows this amount of taxes was adjudged

against the land described by these courses and distances. The order of sale and the return shows that the land in such courses and distances was that sold for its taxes. The deed conveys the land in such courses and distances being the Harman Ellis survey.

That the judgment did not intend to treat the one parcel of land described as consisting of more than one tract is evident from its language. It renders judgment "for the taxes, etc., due on each of the following described lots or parcels of land, as follows: Seventy-six dollars and forty cents due on the following described land"—and then describes the land by courses and distances, stating it to be a part of the H. Ellis survey.

There is no intention here disclosed to treat this land as being more than a single tract, and the preceding expressions, to the effect that the taxes of each separate tract were separately assessed against each, when followed by the language of this decree, can only indicate that it finally dealt only with a single tract therein described as such. The general words describing it as a part of the Ellis survey in the judgment and as the Ellis survey in the deed are rendered immaterial, and controlled by the particular descriptions by courses and distances in each, which are identical, and which show that the judgment, order of sale, and deed each described the same land and related to the same tract. Sherry v. McKinley, 99 U. S. 496, 25 L. Ed. 330; Cox v. Hart, 145 U. S. 376, 387, 12 Sup. Ct. 962, 36 L. Ed. 741.

[1] There was no request for special findings, and none were made in this case. After the evidence was submitted, the court rendered a judgment in favor of the defendants. It is true that the judge states his opinion as to the validity of the judgment rendered in the case of State of Texas v. Unknown Owners, the foundation of the defendant's title, and that the plaintiffs' cause of action amounts to a collateral attack thereon; but the court makes no special finding, rendering judgment generally in favor of the defendant. This would seem to leave no matter on which error could be assigned, besides the exception reserved to the admission of the sheriff's deed to Mrs. Sloan above disposed of. No objection or exception to the introduction or effect of the judgment is noted. British Queen Min. Co. v. Baker Silver Min. Co., 139 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147; Northern Idaho & Montana P. Co. v. A. L. Jordan L. Co. (C. C. A.) 262 Fed. 766, 777; United States v. Sioux City Stock Yds. Co., 167 Fed. 126, 127, 92 C. C. A. 578; York v. Washburn, 129 Fed. 564, 565, 566, 64 C. C. A. 132.

[2] But it seems to us that the opinion of the court that the judgment of the district court of Cherokee county in State of Texas v. Unknown Parties was not subject to the collateral attack made on it in this case was correct. The proof showed that for years this land had not been returned for taxes by any one; that it had been assessed as a single tract by the proper officers to owners unknown for 15 years. No record in the county showed any individuals as the owners since the year 1860. The original petition in this cause shows that the present plaintiffs all reside out of the state of Texas. No present claimants of the part of the tract alleged to have been sold to Allen appear. No one had appeared to pay taxes as the claimant of any part of the en-

tire tract. The court rendering the judgment heard testimony on the question whether there was any known owner and that the inquiries directed to be made of the county clerk and other officers had been made and no owners could be found. No attack is made on the several steps taken in the case.

"It must appear from the record in the cases, in which the judgments were rendered under which appellee claims the tracts of land in controversy, that such judgments were void, and therefore subject to collateral attack, before they can be overcome as a barrier to plaintiffs' right of recovery, even though, but for appellee's deed under them, they had shown title to the premises." Young v. Jackson, 50 Tex. Civ. App. 351, 354, 110 S. W. 74, 76.

In a case arising under a very similar statute in the state of Arkansas the Supreme Court of the United States held that whatever would have been a good defense to the original suit brought for the taxes was not the subject of attack in a subsequent suit brought to recover lands sold under the decree in the first suit, and that the decree was not subject to collateral attack because such point may have been incorrectly decided. In that case, as in this, it was urged that the plaintiff only owned a part of the land sold for taxes, and—

"Thus, it is urged, the lands plaintiffs in error owned were sold to pay the levee taxes on land they did not own, and their lands were thereby taken without due process of law. * * * What lands were properly assessed to Ballard and what lands he owned were facts to be alleged in the original suit and established by the proof there introduced or by admission through the default of the owners of the lands. If there was error it cannot be a ground for setting aside the decree if the court had acquired jurisdiction to render the decree. Error or irregularities in the suit does not take from it or its decree the attribute of due process. Central Land Company v. Laidley, 159 U. S. 103; Iowa Central R. R. Co. v. Iowa, supra. It is only this aspect of the suit and decree with which we are concerned. No defense, therefore, which could have been made or rights which could have been taken care of in the suit can now be set up to impugn its decree. The statutes of the state, under which the taxes were levied, virtually make the land a party to the suit to collect the taxes. It is from the lands alone, and not from their owner, that the taxes are to be satisfied, and each acre bears its part. The burden of taxation could have been easily and definitely assigned by the court. Mistakes in ascribing the ownership of the lands did not increase the taxation or cast that which should have been paid by one tract of land upon another tract." Ballard v. Hunter, 204 U. S. 241, 258, 27 Sup. Ct. 261, 267 (51 L. Ed. 461).

The judgment of the District Court is therefore affirmed.